UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Geoff Winkler,<br>Plaintiff<br>v.<br>Jordan Judd, et al.,<br>Defendants | Case No. 2:26-cv-00996-CDS-NJK<br>**Order Striking Notices**<br>[ECF Nos. 103–105] |

On October 22, 2026, three documents were docketed by non-parties to this action. First, non-party Denise Mraz filed a "notice of electronic docket irregularities and disputed judicial procedures." ECF No. 103. Second, Mraz and non-party Aaron Prince[1] filed a "joint notice of declination of in-person appearance, formal objection to denial of remote access, notice of safety concerns, and demand for protection against retaliation and involuntary joinder." ECF No. 104. Third, Mraz and Prince filed "a notice of constitutional violations, civil RICO, antitrust, obstruction, fraud, conspiracy, and institutional misconduct." ECF No. 105. For the reasons explained herein, the notices are stricken.

## I. Discussion

Notices are a type of filing that should rarely be used and only for administrative functions—such as notifying the court of an address change or informing the court that an attorney is appearing to represent a client. *See, e.g.*, LR IA 3-1 (notice of a change of contact information); LR IA 10-4 (notice of an in-camera submission); LR IC 1-1(d) (notice of manual filings). Notices cannot, however, be used to make the court's docket a repository for allegations or alleged discovery. *See Hinojos v. Weir*, 2025 WL 2337103, at *2 (D. Ariz. Aug. 12, 2025) ("The

---

[1] The Clerk of Court is kindly directed to add Aaron Prince as a non-party to this docket, and to redesignate Mraz as a non-party.

court's docket is not a repository for the parties' evidence."); *see also Dillon v. Corr. Corp. of Am.*, 2021 U.S. Dist. LEXIS 272388, at *3 (D. Nev. July 19, 2021) ("The Court's docket is not a repository for miscellaneous documents that a litigant believes may support his claims."). All court filings requesting relief or requesting that the court make a ruling or take an action of any kind must be in the form of a motion and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules. *See* Fed. R. Civ. P. 7; LR 7-2.

Here, none of the "notices" filed by Mraz and Prince are the sort of notices that can be properly lodged with the court. Rather, they contain a series of declarations, demands, and conclusory assertions. None are motions that seek relief as allowed under the rules of this court, nor are they responsive to any pending motion or filing. These "notices" are improperly filed, so they are hereby stricken.

Both Mraz and Prince have already been informed that these sorts of filings are improper and can be stricken in another related action. *See* ECF No. 1053 in 2:22-cv-00612-CDS-EJY (hereinafter, the Beasley Action). Indeed, this court has authority to strike an improper filing under its inherent power to control its docket. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). That is because "[e]very paper filed with the [court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources," and "part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989).

Further, given their filings in this action, it is clear that Mraz and Prince are monitoring the docket in this and other related actions, including the Beasley Action. Thus, the court reminds Mraz and Prince that the order to show cause issued against them in the Beasley Action remains outstanding. *See* ECF No. 1054 in 2:22-cv-00612-CDS-EJY. They failed to timely respond to that order so the court sua sponte extended the response deadline to November 9, 2026. *Id.* at ECF No. 1065. Failure to respond may result in the issuance of sanctions.

## II. Conclusion

It is hereby ordered that Mraz and Prince's "notices" **[ECF Nos. 103–105] are STRICKEN.**

The Clerk of Court is kindly directed to add Aaron Prince as a non-party to the docket and to redesignate Denise Mraz as a non-party.

Dated: November 5, 2026

_______________________________
Cristina D. Silva
United States District Judge